UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KHALIL-ULLAH  AL-MUHAYMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00869-TWP-TAB |
| | ) | |
| DANA  SPENCER Family Case Manager, | ) | |
| DCS, PHYLLIS  CLEMONS, | ) | |
| LUCITA  EXOM-POPE, SONJA | ) | |
| MCMAHON, LEANNE  MCNEELY, | ) | |
| DEPARTMENT OF CHILD SERVICES, | ) | |
| INDIANA DEPARTMENT OF CHILD | ) | |
| SERVICES, MARION COUNTY PUBLIC | ) | |
| DEFENDER AGENCY, UNKNOWN | ) | |
| MAGISTRATE | ) | |
| | ) | |
| Defendants. | | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

In the original complaint, plaintiff Khalil-Ullah Al-Muhaymin sued the individuals and state agencies involved in a state court child custody proceeding which resulted in the removal of his daughter from his custody. The Entry of June 8, 2015, explained that this Court lacks subject matter jurisdiction over domestic-relations issues and that this Court has no authority to dismiss, review, or otherwise interfere with a state court case. The plaintiff was given the opportunity to show cause why Judgment consistent with that Entry should not issue. Now before the Court is the plaintiff's response to that Order to Show Cause.

The plaintiff's response explains that he has filed an Amended Complaint which does not attempt to set aside the state court judgment but instead alleges that he was denied meaningful access to the juvenile court. The Amended Complaint names Sonja McMahon and an unidentified

Marion County Juvenile Court Magistrate as defendants. The plaintiff alleges that Ms. McMahon worked for the Marion County Public Defender agency and represented that she was appointed to represent the plaintiff and Ms. Scott (presumably the his daughter's mother). But Ms. McMahon had not been appointed to represent the plaintiff and she was not a lawyer or supervised by a lawyer. In addition she knew that there was a conflict of interest between Ms. Scott and the plaintiff. The Magistrate allegedly knew these facts but took no corrective action. The plaintiff alleges that based on these facts he was denied meaningful access to the court. In this action, the plaintiff argues that unsupervised un-appointed interns should not be allowed to represent anyone, instead juvenile court magistrates should appoint counsel for indigent persons (such as himself) pursuant to state or federal law.

This action is dismissed for lack of jurisdiction for the same reason as the original complaint.  That is, this Court has no authority to dismiss, review, or otherwise interfere with the state court case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir.2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Ultimately, the plaintiff wants this Court to find that his constitutional rights were violated when the Magistrate failed to appoint a licensed attorney to represent him in the custody proceeding. Contrary to the plaintiff's assertion, he is asking this court to review the decisions made in an Indiana state court in a case to which the plaintiff was a party. In *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N. C.*, 452 U.S. 18, 31-32 (1981), the Supreme Court held that the Constitution does not require the appointment of counsel in every parental termination proceeding. Instead, "the decision whether due process calls for the appointment of counsel for indigent parents in termination proceedings" is left in the first instance

by the state trial court, subject to appellate review. *Id.* (citing *Wood v. Georgia*, 450 U.S. 261 (1981)). If the plaintiff was dissatisfied with the Magistrate's ruling in the state court case regarding the representation the plaintiff was provided he should have filed an appeal in state court.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). That is the case here. This court does not have jurisdiction to review a state court judgment, even where the claim is made that the proceedings violated the federal plaintiff's constitutional rights. *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 727-29 (7th Cir. 1993); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/29/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KHALIL-ULLAH AL-MUHAYMIN
1633 1/2 Villa Avenue
Indianapolis, IN 46203